**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Adrian ORTEGA–DIAZ, Defendant–**
**Appellant.**

**No. 11–10486.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 16, 2012.

Michael M. Beckwith, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Krista Hart, Law Offices of Krista Hart, Sacramento, CA, for Defendant–Appellant.

Adrian Ortega–Diaz, Pecos, TX, pro se.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Adrian Ortega–Diaz appeals from his guilty-plea conviction and 135–month sen-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tence for conspiracy to possess with intent to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and conspiracy to manufacture over 1,000 plants of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ortega–Diaz's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Ortega–Diaz the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal. We dismiss in light of the valid appeal waiver. *See United States v. Watson,* 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.